# Exhibit D

# Demand Letters



ANDREWS
ATTORNEYS  KURTH LLP

1717 Main Street, Suite 3700
Dallas, Texas 75201
214.659.4400 Phone
214.659.4401 Fax
andrewskurth.com

Joseph A. Hoffman
214.659.4593 Phone
214.659.4861 Fax
jhoffman@andrewskurth.com

October 21, 2009

**VIA FEDERAL EXPRESS AND**
**CERTIFIED MAIL**                          **PERSONAL AND CONFIDENTIAL**

Atoms Architectural Products LLC
44 Sams Creek Road
Mineral Wells, WV 26150

      Re:   *PCI Industries, Inc. Confidential Information and Property*

Gentlemen:

      Our firm represents PCI Industries, Inc. ("PCI") in connection with certain intellectual property and employment law matters.

      PCI believes that Atoms Architectural Products LLC ("Atoms AP") is using certain property of PCI (such as proprietary drawings and photographs) on different parts of Atoms AP's website, and perhaps in other marketing materials, to market and promote Atoms AP's products.

      Atoms AP or its agents have apparently made certain modifications to deceptively make the drawings and photographs of PCI and PCI products appear to belong to Atoms AP or portray Atoms AP products.

      PCI believes that certain officers and/or employees of Atoms AP are former employees of PCI. All former PCI employees are bound by certain confidentiality prohibitions and owe certain contractual, common law and fiduciary duties to PCI not to disclose, misappropriate or use PCI's information and property. Upon termination of employment from PCI, employees are required, among other things, to return all PCI documents, equipment and materials and may not retain any copies.

      In view of the foregoing, please immediately cease and desist from disclosing any confidential information of PCI and from using any PCI related materials, documents, photos, drawings, etc. in the conduct of your business or otherwise. Also, please immediately return to PCI any documents, equipment and/or materials of PCI (in whatever form or media) that you possess or control.   Please return these materials to Mr. Pat Cockrum, President, at PCI Industries, Inc., 5101 Blue Mound Road, Fort Worth, Texas 76106.

Atoms Architectural Products LLC
October 21, 2009
Page 2


If you fail to respond or, if PCI learns that you continue to violate your contractual, common law and fiduciary obligations, PCI intends to pursue all remedies available to them. You are hereby on notice of the seriousness of this matter.

**Nothing contained herein is intended, nor should be construed, as a waiver of PCI's common law or statutory rights, and the same are expressly reserved. Furthermore, nothing contained herein is intended, nor should be construed, as a limitation of PCI's damages, as the remedy set forth herein is for settlement purposes only.**

Very truly yours,

Joseph A. Hoffman



1717 Main Street, Suite 3700
Dallas, Texas 75201
214.659.4400 Phone
214.659.4401 Fax
andrewskurth.com

Joseph A. Hoffman
214.659.4593 Phone
214.659.4861 Fax
jhoffman@andrewskurth.com

October 21, 2009

**VIA FEDERAL EXPRESS AND
CERTIFIED MAIL**                         **PERSONAL AND CONFIDENTIAL**

Mr. Dan Lott
995 Stillwell Road
Walker, WV 26180

      Re:    *PCI Industries, Inc. Confidential Information and Property*

Dear Mr. Lott:

      Our firm represents PCI Industries, Inc. ("PCI") in connection with certain intellectual property and employment law matters.

      PCI believes that your employer, Atoms Architectural Products LLC ("Atoms AP"), is using certain property of PCI (such as proprietary drawings and photographs) on different parts of Atoms AP's website, and perhaps in other marketing materials, to market and promote Atoms AP's products.

      Atoms AP or its agents have apparently made certain modifications to deceptively make the drawings and photographs of PCI and PCI products appear to belong to Atoms AP or portray Atoms AP products.

      Upon your hiring by PCI, you signed an Employment Agreement agreeing to conform to the rules and regulations of PCI. At such time, you also signed an Employment Agreement and a Handbook Receipt and Agreement to Read Handbook, including PCI's Employee Handbook, which, among other things, sets forth certain prohibitions on the disclosure and use of PCI confidential information and the retention of any PCI property. For your reference, I have attached a copy of the agreements that you signed and the "Confidentiality Section" of PCI's employee manual. Accordingly, you are bound by certain confidentiality prohibitions and owe certain contractual, common law and fiduciary duties to PCI not to disclose, misappropriate or use PCI's information and property. Upon termination of employment from PCI, you were required, among other things, to return all PCI documents, equipment and materials, and you were not permitted to retain any copies.

      In view of the foregoing, please immediately cease and desist from disclosing any confidential information of PCI and from using or permitting any third party to use any PCI

Mr. Dan Lott
October 21, 2009
Page 2

related materials, documents, photos, drawings, etc. in the conduct of your business or otherwise. Also, as required by your agreement, please immediately return to PCI any documents, equipment and/or materials of PCI (in whatever form or media) that you possess or control. Please return these materials to Mr. Pat Cockrum, President, at PCI Industries, Inc., 5101 Blue Mound Road, Fort Worth, Texas 76106.

If you fail to respond or, if PCI learns that you continue to violate your contractual, common law and fiduciary obligations, PCI intends to pursue all remedies available to them. You are hereby on notice of the seriousness of this matter.

**Nothing contained herein is intended, nor should be construed, as a waiver of PCI's common law or statutory rights, and the same are expressly reserved. Furthermore, nothing contained herein is intended, nor should be construed, as a limitation of PCI's damages, as the remedy set forth herein is for settlement purposes only.**

Very truly yours,

Joseph A. Hoffman

Enclosure



# EMPLOYMENT AGREEMENT

In consideration for my employment with PCI Industries, Inc., I agree to the following:

- The PCI Industries, Inc. Handbook is a set of guidelines for the implementation of personnel policies and does not constitute an employment contract for a specific period of time or for termination only for cause;

- PCI Industries, Inc. may modify any of the provisions of the Handbook at any time, and such modifications shall become effective on the date announced by written notice or upon re-issue of the Handbook;

- I will conform to the rules and the regulations of PCI Industries, Inc.;

- I am employed on an at-will basis and any oral statement by a supervisor or manager of PCI Industries, Inc. will not alter my at-will employment status;

- Only the President of PCI Industries, Inc. has the authority to enter into an agreement modifying my at-will status or creating employment for a specific time period or for termination only for cause, and such agreement must be in writing;

- My employment may be terminated at any time, either by me or by PCI Industries, Inc., with or without cause or notice;

- The process of my being employed by PCI Industries, Inc. will not be complete until both PCI Industries, Inc. and I have signed this document; and,

- This Agreement constitutes the entire agreement between me and PCI Industries, Inc. regarding the term of my employment and the other matters covered in this Agreement.

_____     Date: ___9-27-07___
Employee Signature

PCI INDUSTRIES, INC.

By: _____     Date: ___10-1-07___



# HANDBOOK RECEIPT AND AGREEMENT TO READ HANDBOOK

I acknowledge that I have received and will read the PCI Industries, Inc. Handbook within five (5) days

of my receipt of it. In consideration for my employment with PCI Industries Inc., I agree: (a) to become

familiar with its terms; and (b) if I do not understand or agree with any provision of the Handbook, I will

discuss the provision with PCI Industries, Inc. within five (5) days from the signing of the

acknowledgement.

_____      Date: _____
Employee Signature

PCI INDUSTRIES, INC.

BY _____      Date: _____

condition of employment; (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Employees who violate this policy are subject to discipline, up to and including warnings, reprimands, suspension, and/or discharge.

Any employee who believes he or she has been subjected to harassment by a co-worker, supervisor or visitor, or is a witness to such harassment or has information regarding such harassment, must immediately report the facts of the incident or incidents and the names of the individuals involved to PCI Industries. The report should be in writing, if possible. PCI Industries will undertake an immediate and objective investigation of all such claims. Where PCI Industries has determined that conduct in violation of this policy has occurred, PCI Industries will take appropriate disciplinary action. Whatever action is taken will be made known to the employee reporting the complaint.
If at all possible, PCI Industries encourages the employee reporting the complaint of harassment to speak directly with the person who is reported to have engaged in the harassment and try to persuade him or her to stop the offending conduct.

PCI Industries prohibits retaliation against any employee for reporting conduct in violation of this policy or for assisting or participating in any investigation of any complaint pursuant to this policy.

If you have any questions concerning this policy, please contact Pat Cockrum or Greg Scilley. Pat Cockrum may be reached by telephone at 817-509-2300 or mail at 5101 Blue Mound Road, Fort Worth, Texas 76106. Greg Scilley may be reached by telephone at 323-728-0004 or mail at 6501 Flotilla Street, Commerce, CA 90040.

## CONFIDENTIALITY

Employees will have access to, will acquire and will become acquainted with trade secrets, confidential information and property relating to PCI Industries and its customers' businesses. All information obtained in the course of your employment is to be used for conducting PCI Industries business only. Never discuss or disclose such trade secrets, confidential information or property, either directly or indirectly, with or in the presence of persons outside the company, either during employment, or at any time thereafter, except as required by your supervisor. Information in any form, including but not limited to documents, tapes, lists, computer printouts, studies, reports, drafts, pictures, charts, maps, drawings, programs, equipment, scrap, blueprints, vendor lists, customer lists, client billing information, all financial reports, all payroll information, records, files, and other materials pertinent to PCI Industries or its customers, may not be removed from the facilities without the advance permission of a supervisor. Employees may be required to sign non-disclosure of confidential information agreements. On

termination, employees must return all PCI Industries documents, equipment and materials and will not retain any copies.

This same level of confidentiality must be maintained regarding co-workers, employee relations matters, and company operations.

Violation of this policy may result in immediate termination. If you discover a violation of this policy, you must notify the President of the company immediately.

## CONFLICT OF INTEREST

In conducting PCI Industries business, employees must avoid any business, activity or other situation which may possibly constitute a conflict of interest. Examples of conflict of interest situations include, but are not limited to, (a) accepting employment with, acting for or rendering services to any business or endeavor, with or without compensation, which competes or conducts business with PCI Industries; (b) disclosing or utilizing confidential customer or company information or trade secrets; (c) soliciting or diverting PCI Industries business or customers away from PCI Industries; or (d) soliciting co-employees both during and after employment to work for another company.

## OUTSIDE WORK

Employees are expected to devote their full-time efforts to their work at PCI Industries. Therefore, all employees are discouraged from engaging in any outside work without the prior written permission of PCI Industries.

## WORKING HOURS AND OVERTIME

The basic workweek is seven (7) consecutive days, from Monday through Sunday, with days off, scheduled by the Company. The basic workday is twenty-four (24) consecutive hours, from 12:01 a.m. through 12:00 p.m.

- Hours of Work: Normal business hours are: 7:00 a.m.-6:00 p.m., Monday through Friday. Each non-exempt employee will be assigned to work during specific hours, which normally do not exceed forty (40) hours a week. Once assigned, there will be  no exceptions, unless approved in advance by management.

- Time Cards: A non-exempt employee's time card is the record of hours worked upon which a payroll check is based. Care should be taken to see that the time card is prepared accurately and signed by



1717 Main Street, Suite 3700
Dallas, Texas 75201
214.659.4400 Phone
214.659.4401 Fax
andrewskurth.com

Joseph A. Hoffman
214.659.4593 Phone
214.659.4861 Fax
jhoffman@andrewskurth.com

October 21, 2009

**VIA FEDERAL EXPRESS AND**
**CERTIFIED MAIL**                             **PERSONAL AND CONFIDENTIAL**

Mr. Gary Scott Jarvis
3525 Roseland Avenue
Parkersburg, WV 26104

      Re:    *PCI Industries, Inc. Confidential Information and Property*

Dear Mr. Jarvis:

Our firm represents PCI Industries, Inc. ("PCI") in connection with certain intellectual property and employment law matters.

PCI believes that your employer, Atoms Architectural Products LLC ("Atoms AP"), is using certain property of PCI (such as proprietary drawings and photographs) on different parts of Atoms AP's website, and perhaps in other marketing materials, to market and promote Atoms AP's products.

Atoms AP or its agents have apparently made certain modifications to deceptively make the drawings and photographs of PCI and PCI products appear to belong to Atoms AP or portray Atoms AP products.

Upon your hiring by PCI, you signed an Employment Agreement agreeing to conform to the rules and regulations of PCI. At such time, you also signed an Employment Agreement and a Handbook Receipt and Agreement to Read Handbook, including PCI's Employee Handbook, which, among other things, sets forth certain prohibitions on the disclosure and use of PCI confidential information and the retention of any PCI property.  For your reference, I have attached a copy of the agreements that you signed and the "Confidentiality Section" of PCI's employee manual.  Accordingly, you are bound by certain confidentiality prohibitions and owe certain contractual, common law and fiduciary duties to PCI not to disclose, misappropriate or use PCI's information and property.  Upon termination of employment from PCI, you were required, among other things, to return all PCI documents, equipment and materials, and you were not permitted to retain any copies.

In view of the foregoing, please immediately cease and desist from disclosing any confidential information of PCI and from using or permitting any third party to use any PCI

Mr. Gary Scott Jarvis
October 21, 2009
Page 2

related materials, documents, photos, drawings, etc. in the conduct of your business or otherwise. Also, as required by your agreement, please immediately return to PCI any documents, equipment and/or materials of PCI (in whatever form or media) that you possess or control. Please return these materials to Mr. Pat Cockrum, President, at PCI Industries, Inc., 5101 Blue Mound Road, Fort Worth, Texas 76106.

If you fail to respond or, if PCI learns that you continue to violate your contractual, common law and fiduciary obligations, PCI intends to pursue all remedies available to them. You are hereby on notice of the seriousness of this matter.

**Nothing contained herein is intended, nor should be construed, as a waiver of PCI's common law or statutory rights, and the same are expressly reserved. Furthermore, nothing contained herein is intended, nor should be construed, as a limitation of PCI's damages, as the remedy set forth herein is for settlement purposes only.**

Very truly yours,

Joseph A. Hoffman

Enclosure

DAL:750121.1

# EMPLOYMENT AGREEMENT

In consideration for my employment with PCI Industries, Inc., I agree to the following:

◆ The PCI Industries, Inc. Handbook is a set of guidelines for the implementation of personnel policies and does not constitute an employment contract for a specific period of time or for termination only for cause;

◆ PCI Industries, Inc. may modify any of the provisions of the Handbook at any time, and such modifications shall become effective on the date announced by written notice or upon re-issue of the Handbook;

◆ I will conform to the rules and the regulations of PCI Industries, Inc.;

◆ I am employed on an at-will basis and any oral statement or conduct by a supervisor or manager of PCI Industries, Inc. will not alter my at-will employment status;

◆ Only PCI Industries, Inc. has the authority to enter into an agreement modifying my at-will status or creating employment for a specific time period or for termination only for cause, and such agreement must be in writing;

◆ My employment may be terminated at any time, either by me or by PCI Industries, Inc., with or without cause [or notice];

◆ The process of my being employed by PCI Industries, Inc. will not be complete until both PCI Industries, Inc. and I have signed this document; and,

◆ This Agreement constitutes the entire agreement between me and PCI Industries, Inc. regarding the term of my employment and the other matters covered in this Agreement.

_____   Date: 9 - 1 8 , 2000
Employee Signature

PCI INDUSTRIES, INC.

By: _____   Date: 9-18 · 2000

# PCI Industries, Inc.

**Products for the HVAC Industry**

2824 North Sylvania Avenue
Fort Worth, Texas 76111

817/831-7038 • Fax 817/831-4707

# HANDBOOK RECEIPT AND AGREEMENT
# TO READ HANDBOOK

I acknowledge that I have received and will read the PCI Industries, Inc. Handbook within five (5) days of my receipt of it. In consideration for my employment with PCI Industries, Inc., I agree: (a) to become familiar with its terms; and (b) if I do not understand or agree with any provision of the Handbook, I will discuss the provision with PCI Industries, Inc. within five (5) days from the signing of this acknowledgment.

_____
Employee Signature

Date: 9-18-2000

PCI INDUSTRIES, INC.

By: _____

Date: 9-18-2000

condition of employment; (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Employees who violate this policy are subject to discipline, up to and including warnings, reprimands, suspension, and/or discharge.

Any employee who believes he or she has been subjected to harassment by a co-worker, supervisor or visitor, or is a witness to such harassment or has information regarding such harassment, must immediately report the facts of the incident or incidents and the names of the individuals involved to PCI Industries. The report should be in writing, if possible. PCI Industries will undertake an immediate and objective investigation of all such claims. Where PCI Industries has determined that conduct in violation of this policy has occurred, PCI Industries will take appropriate disciplinary action. Whatever action is taken will be made known to the employee reporting the complaint.
If at all possible, PCI Industries encourages the employee reporting the complaint of harassment to speak directly with the person who is reported to have engaged in the harassment and try to persuade him or her to stop the offending conduct.

PCI Industries prohibits retaliation against any employee for reporting conduct in violation of this policy or for assisting or participating in any investigation of any complaint pursuant to this policy.

If you have any questions concerning this policy, please contact Pat Cockrum or Greg Scilley. Pat Cockrum may be reached by telephone at 817-509-2300 or mail at 5101 Blue Mound Road, Fort Worth, Texas 76106. Greg Scilley may be reached by telephone at 323-728-0004 or mail at 6501 Flotilla Street, Commerce, CA 90040.

## CONFIDENTIALITY

Employees will have access to, will acquire and will become acquainted with trade secrets, confidential information and property relating to PCI Industries and its customers' businesses. All information obtained in the course of your employment is to be used for conducting PCI Industries business only. Never discuss or disclose such trade secrets, confidential information or property, either directly or indirectly, with or in the presence of persons outside the company, either during employment, or at any time thereafter, except as required by your supervisor. Information in any form, including but not limited to documents, tapes, lists, computer printouts, studies, reports, drafts, pictures, charts, maps, drawings, programs, equipment, scrap, blueprints, vendor lists, customer lists, client billing information, all financial reports, all payroll information, records, files, and other materials pertinent to PCI Industries or its customers, may not be removed from the facilities without the advance permission of a supervisor. Employees may be required to sign non-disclosure of confidential information agreements. On

termination, employees must return all PCI Industries documents, equipment and materials and will not retain any copies.

This same level of confidentiality must be maintained regarding co-workers, employee relations matters, and company operations.

Violation of this policy may result in immediate termination. If you discover a violation of this policy, you must notify the President of the company immediately.

## CONFLICT OF INTEREST

In conducting PCI Industries business, employees must avoid any business, activity or other situation which may possibly constitute a conflict of interest. Examples of conflict of interest situations include, but are not limited to, (a) accepting employment with, acting for or rendering services to any business or endeavor, with or without compensation, which competes or conducts business with PCI Industries; (b) disclosing or utilizing confidential customer or company information or trade secrets; (c) soliciting or diverting PCI Industries business or customers away from PCI Industries; or (d) soliciting co-employees both during and after employment to work for another company.

## OUTSIDE WORK

Employees are expected to devote their full-time efforts to their work at PCI Industries. Therefore, all employees are discouraged from engaging in any outside work without the prior written permission of PCI Industries.

## WORKING HOURS AND OVERTIME

The basic workweek is seven (7) consecutive days, from Monday through Sunday, with days off, scheduled by the Company. The basic workday is twenty-four (24) consecutive hours, from 12:01 a.m. through 12:00 p.m.

- <u>Hours of Work</u>: Normal business hours are: 7:00 a.m.-6:00 p.m., Monday through Friday. Each non-exempt employee will be assigned to work during specific hours, which normally do not exceed forty (40) hours a week. Once assigned, there will be no exceptions, unless approved in advance by management.

- <u>Time Cards</u>: A non-exempt employee's time card is the record of hours worked upon which a payroll check is based. Care should be taken to see that the time card is prepared accurately and signed by



ANDREWS
ATTORNEYS  KURTH LLP

1717 Main Street, Suite 3700
Dallas, Texas 75201
214.659.4400 Phone
214.659.4401 Fax
andrewskurth.com

Joseph A. Hoffman
214.659.4593 Phone
214.659.4861 Fax
jhoffman@andrewskurth.com

October 21, 2009

**VIA FEDERAL EXPRESS AND
CERTIFIED MAIL**                          **PERSONAL AND CONFIDENTIAL**

Mr. Ken Blanchard
13189 State Route 550
Fleming, OH 45729-5231

     Re:    *PCI Industries, Inc. Confidential Information and Property*

Dear Mr. Blanchard:

Our firm represents PCI Industries, Inc. ("PCI") in connection with certain intellectual property and employment law matters.

PCI believes that your employer, Atoms Architectural Products LLC ("Atoms AP"), is using certain property of PCI (such as proprietary drawings and photographs) on different parts of Atoms AP's website, and perhaps in other marketing materials, to market and promote Atoms AP's products.

Atoms AP or its agents have apparently made certain modifications to deceptively make the drawings and photographs of PCI and PCI products appear to belong to Atoms AP or portray Atoms AP products.

Upon your hiring by PCI, you signed an Employment Agreement agreeing to conform to the rules and regulations of PCI. At such time, you also signed an Employment Agreement and a Handbook Receipt and Agreement to Read Handbook, including PCI's Employee Handbook, which, among other things, sets forth certain prohibitions on the disclosure and use of PCI confidential information and the retention of any PCI property. For your reference, I have attached a copy of the agreements that you signed and the "Confidentiality Section" of PCI's employee manual. In addition, at the time of your separation of employment from PCI, you signed an Agreement for Separation of Employment in which you agreed, among other things, to return all PCI files, records, documents, equipment or property or items concerning the business of PCI, or any related entity, whether prepared by you or otherwise coming into your possession or control. A copy of this Agreement is also attached hereto. As a result of the foregoing, you are bound by certain confidentiality prohibitions and owe certain contractual, common law and fiduciary duties to PCI not to disclose, misappropriate or use PCI's information and property.

Mr. Ken Blanchard
October 21, 2009
Page 2

Upon termination of employment from PCI, you were required, among other things, to return all PCI documents, equipment and materials, and you were not permitted to retain any copies.

Accordingly, please immediately cease and desist from disclosing any confidential information of PCI and from using or permitting any third party to use any PCI related materials, documents, photos, drawings, etc. in the conduct of your business or otherwise. Also, as required by your agreement, please immediately return to PCI any documents, equipment and/or materials of PCI (in whatever form or media) that you possess or control. Please return these materials to Mr. Pat Cockrum, President, at PCI Industries, Inc., 5101 Blue Mound Road, Fort Worth, Texas 76106.

If you fail to respond or, if PCI learns that you continue to violate your contractual, common law and fiduciary obligations, PCI intends to pursue all remedies available to them. You are hereby on notice of the seriousness of this matter.

**Nothing contained herein is intended, nor should be construed, as a waiver of PCI's common law or statutory rights, and the same are expressly reserved. Furthermore, nothing contained herein is intended, nor should be construed, as a limitation of PCI's damages, as the remedy set forth herein is for settlement purposes only.**

Very truly yours,

Joseph A. Hoffman

Enclosure

# EMPLOYMENT AGREEMENT

In consideration for my employment with PCI Industries, Inc., I agree to the following:

◆ The PCI Industries, Inc. Handbook is a set of guidelines for the implementation of personnel policies and does not constitute an employment contract for a specific period of time or for termination only for cause;

◆ PCI Industries, Inc. may modify any of the provisions of the Handbook at any time, and such modifications shall become effective on the date announced by written notice or upon re-issue of the Handbook;

◆ I will conform to the rules and the regulations of PCI Industries, Inc.;

◆ I am employed on an at-will basis and any oral statement or conduct by a supervisor or manager of PCI Industries, Inc. will not alter my at-will employment status;

◆ Only PCI Industries, Inc. has the authority to enter into an agreement modifying my at-will status or creating employment for a specific time period or for termination only for cause, and such agreement must be in writing;

◆ My employment may be terminated at any time, either by me or by PCI Industries, Inc., with or without cause [or notice];

◆ The process of my being employed by PCI Industries, Inc. will not be complete until both PCI Industries, Inc. and I have signed this document; and,

◆ This Agreement constitutes the entire agreement between me and PCI Industries, Inc. regarding the term of my employment and the other matters covered in this Agreement.

_____   Date: 4/5/2000
Employee Signature


PCI INDUSTRIES, INC.

By: _____   Date: 4/6/2000

# PCI Industries, Inc.

*Products for the HVAC Industry*

2824 North Sylvania Avenue
Fort Worth, Texas 76111

817/831-7038 • Fax 817/831-4707

# HANDBOOK RECEIPT AND AGREEMENT
# TO READ HANDBOOK

I acknowledge that I have received and will read the PCI Industries, Inc. Handbook within five (5) days of my receipt of it. In consideration for my employment with PCI Industries, Inc., I agree: (a) to become familiar with its terms; and (b) if I do not understand or agree with any provision of the Handbook, I will discuss the provision with PCI Industries, Inc. within five (5) days from the signing of this acknowledgment.

_____
Employee Signature

Date: 4/5/2000

PCI INDUSTRIES, INC.

By: _____

Date: 4/6/2000

condition of employment; (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or (3) such conduct has the purpose or effect of substantially interfering with an individual?s work performance or creating an intimidating, hostile, or offensive working environment. Employees who violate this policy are subject to discipline, up to and including warnings, reprimands, suspension, and/or discharge.

Any employee who believes he or she has been subjected to harassment by a co-worker, supervisor or visitor, or is a witness to such harassment or has information regarding such harassment, must immediately report the facts of the incident or incidents and the names of the individuals involved to PCI Industries. The report should be in writing, if possible. PCI Industries will undertake an immediate and objective investigation of all such claims. Where PCI Industries has determined that conduct in violation of this policy has occurred, PCI Industries will take appropriate disciplinary action. Whatever action is taken will be made known to the employee reporting the complaint.
If at all possible, PCI Industries encourages the employee reporting the complaint of harassment to speak directly with the person who is reported to have engaged in the harassment and try to persuade him or her to stop the offending conduct.

PCI Industries prohibits retaliation against any employee for reporting conduct in violation of this policy or for assisting or participating in any investigation of any complaint pursuant to this policy.

If you have any questions concerning this policy, please contact Pat Cockrum or Greg Scilley. Pat Cockrum may be reached by telephone at 817-509-2300 or mail at 5101 Blue Mound Road, Fort Worth, Texas 76106. Greg Scilley may be reached by telephone at 323-728-0004 or mail at 6501 Flotilla Street, Commerce, CA 90040.

## CONFIDENTIALITY

Employees will have access to, will acquire and will become acquainted with trade secrets, confidential information and property relating to PCI Industries and its customers? businesses. All information obtained in the course of your employment is to be used for conducting PCI Industries business only. Never discuss or disclose such trade secrets, confidential information or property, either directly or indirectly, with or in the presence of persons outside the company, either during employment, or at any time thereafter, except as required by your supervisor. Information in any form, including but not limited to documents, tapes, lists, computer printouts, studies, reports, drafts, pictures, charts, maps, drawings, programs, equipment, scrap, blueprints, vendor lists, customer lists, client billing information, all financial reports, all payroll information, records, files, and other materials pertinent to PCI Industries or its customers, may not be removed from the facilities without the advance permission of a supervisor. Employees may be required to sign non-disclosure of confidential information agreements. On

termination, employees must return all PCI Industries documents, equipment and materials and will not retain any copies.

This same level of confidentiality must be maintained regarding co-workers, employee relations matters, and company operations.

Violation of this policy may result in immediate termination. If you discover a violation of this policy, you must notify the President of the company immediately.

## CONFLICT OF INTEREST

In conducting PCI Industries business, employees must avoid any business, activity or other situation which may possibly constitute a conflict of interest. Examples of conflict of interest situations include, but are not limited to, (a) accepting employment with, acting for or rendering services to any business or endeavor, with or without compensation, which competes or conducts business with PCI Industries; (b) disclosing or utilizing confidential customer or company information or trade secrets; (c) soliciting or diverting PCI Industries business or customers away from PCI Industries; or (d) soliciting co-employees both during and after employment to work for another company.

## OUTSIDE WORK

Employees are expected to devote their full-time efforts to their work at PCI Industries. Therefore, all employees are discouraged from engaging in any outside work without the prior written permission of PCI Industries.

## WORKING HOURS AND OVERTIME

The basic workweek is seven (7) consecutive days, from Monday through Sunday, with days off, scheduled by the Company. The basic workday is twenty-four (24) consecutive hours, from 12:01 a.m. through 12:00 p.m.

- Hours of Work: Normal business hours are: 7:00 a.m.-6:00 p.m., Monday through Friday. Each non-exempt employee will be assigned to work during specific hours, which normally do not exceed forty (40) hours a week. Once assigned, there will be no exceptions, unless approved in advance by management.

- Time Cards: A non-exempt employee's time card is the record of hours worked upon which a payroll check is based. Care should be taken to see that the time card is prepared accurately and signed by

AGREEMENT FOR SEPARATION OF EMPLOYMENT    *18, 191. 39*

PCI Industries, Inc. ("Employer") and Ken Blanchard ("Employee")
agree as follows:

1.    Termination date February 12, 2007.

2.    In consideration for this Agreement for Separation of Employment
("Agreement"), Employer will pay to Employee a settlement in the amount equal
to eight (8) weeks standard wages, which will be reduced by the normal payroll
deductions.

3.    Employer agrees to pay to Employee their final wages through
February 7, 2007.  Employer will also pay to Employee their vested and accrued
vacation pay, which will be reduced by the normal payroll deductions.  Employee
agrees that Employee has been fully paid for any and all: (a) expenses incurred on
behalf of Employer; and (b) accrued and vested wages, bonuses, commissions, and
benefits not discussed in this paragraph, including but not limited to, vacation pay.

4.    In consideration for the payment stated in Paragraph 2, Employee:

(a) Releases and discharges Employer and its shareholders, related
businesses, employees, agents, directors, and officers from any and all claims, of
whatever kind or nature, whether known or unknown, suspected or unsuspected,
which Employee now owns or holds or has at any time before this date owned or
held against any of them, including, but not limited to, any and all claims which
are alleged about, set forth in, arise out of, or are in any way connected with: (1)
any transactions, occurrences, acts or omissions concerning any loss, damage or
injury whatsoever resulting from any act committed or omission made prior to the
date of the Agreement; (2) Employee's employment with Employer or the
termination or resignation of Employee's employment with Employer; or (3)
which are related to or concern discrimination under the local, state or federal law,
including the Age Discrimination in Employment Act; and,

(b) Agrees that for the period of one (1) year following the execution of
this Agreement Employee shall not, directly or indirectly: (1) contact or solicit, or
attempt to contact or solicit, for Employee's own account or any account other than
that of the Company or any Subsidiary, any person or business entity with whom
the Employee had contact that was a client or customer of the Company or any
Subsidiary within the six (6)-month period preceding the effective date of the
termination of Employee's employment; or (2) hire, subcontract, employ or engage,
or contact or solicit, or attempt to contact or solicit, for the purpose of hiring,
contracting, employing or engaging, for Employee's own account or any account

other than that of the Company or any Subsidiary, any person or entity who was an employee or exclusive subcontractor of the Company or any affiliated entity of the Company at any time during the six (6)-month period preceding the effective date of the termination of Employee's employment.

5.    Employer releases and discharges Employee from any and all known claims, of whatever kind or nature, which Employer now owns or holds or has at any time before this date owned or held against Employee, including, but not limited to, any and all claims which are alleged about, set forth in, arise out of, or are in any way connected with: (1) any transactions, occurrences, acts or omissions concerning any loss, damage, or injury whatsoever resulting from any act committed or omission made prior to the date of this Agreement; or (2) Employee's employment with Employer or the termination or resignation of Employee's employment with Employer.

6.    Employee will immediately return all Employer files, records, documents, equipment, or any property or other items concerning the business of Employer, or any related entity, whether prepared by Employee or otherwise coming into Employee's possession or control.

7.    Employee will not engage in or assist in any litigation against Employer relating to anything occurring prior to the effective date of this Agreement, except as compelled by order of a court.

8.    The content of this agreement, and of the parties' discussions pertaining to it, are confidential, Employee will not disclose or allow disclosure of any information concerning this Agreement and its performance to anyone, except that the Agreement may be disclosed by Employee to their attorney or accountant, and, as required, to governmental taxing authorities or to enforce the rights contained in this Agreement in an appropriate legal proceeding. Employee and Employer will not make any disparaging statements or remarks about each other.

9.    Employer has advised Employee to consult with independent legal counsel prior to executing this Agreement. **Employee has 21 days after receipt of this Agreement within which to consider the Agreement and 7 days following execution of the Agreement to revoke the Agreement**. Employee received this Agreement on February 12, 2007.

10.  If any term of this Agreement is held to be invalid or unenforceable, the remaining terms of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance

with the intent of the parties, as determined from the face of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term.

11. This Agreement constitutes and contains the entire agreement and understanding between the parties and supersedes and replaces all prior negotiations and agreements proposed or otherwise, whether written or oral, concerning the subject matter of the Agreement. This is an integrated document.

12. The Agreement is effective and enforceable on the eighth (8) day following the date of execution of the Agreement. The settlement payment referred to in paragraph 2 above will be made to Employee following the effective date of the Agreement as provided in this paragraph.


DATE: _____

Kenneth Blanchard
Employee


DATE: 2/12/07

PCI INDUSTRIES, INC.

By: _____

PATRICK A. COCKRUM
President