THE UNITED STATES DISTRICT COURT
for the

Southern District of West Virginia

PCI INDUSTRIES, INC., a corporation,

      Plaintiff,

                             )

v.                           )               Civil Action No. 6:10-cv-1257

                             )

ATOMS A.P. LLC, GARY SCOTT
JARVIS, DAN LOTT and KEN
BLANCHARD,

      Defendants.

## ANSWER

Now come your Defendants, Atoms A.P. LLC, Gary Scott Jarvis, Dan Lott and Ken Blanchard, and for their Answer to the Plaintiff's Complaint respectfully state as follows:

      1.      In response to Paragraph 1 of the Complaint ("Nature of the Action") Defendants deny that they have engaged in any conduct constituting copyright infringement, misappropriation of trade secrets or conversion, or that they violated any employment agreement with the Plaintiff, and generally deny all of the allegations of said Paragraph 1, and demand strict proof thereof.

      2.      Defendants are without sufficient knowledge and information to respond to the allegations of Paragraph 2 of the Complaint.

      3.      Defendants admit that Atoms, A.P. LLC is a limited liability company incorporated in the State of West Virginia, with its principal place of business at 510 East Street, Parkersburg, West Virginia.  Defendants deny the remaining allegations of said Paragraph 3.

4.      Defendant, Gary Scott Jarvis, admits that he resides in Parkersburg, West Virginia, and is an employee of Atoms, A.P. LLC, but denies that he benefited from any infringement activities of the corporate Defendant as alleged in Paragraph 4.

5.      Defendant, Dan Lott, admits that he resides in Parkersburg, West Virginia, and is an employee of Atoms, A.P. LLC, but denies that he benefited from any infringement activities of the corporate Defendant as alleged in Paragraph 5.

6.      Defendant, Ken Blanchard, admits that he resides in Fleming, Ohio, and is an employee of Atoms, A.P. LLC, but denies that he benefited from any infringement activities of the corporate Defendant as alleged in Paragraph 6.  Defendant Blanchard further affirmatively states that he was not even employed by Plaintiff at the time it ceased doing business in West Virginia in March, 2009.

7.      Defendants admit that this Court has jurisdiction of the subject matter as alleged in Paragraph 7.

8.      Defendants admit that venue is proper in this district as alleged in Paragraph 8, but deny the remaining allegations thereof.

9.      Defendants admit that Plaintiff is a provider of various products as described in Paragraph 9 of the Complaint, but are without sufficient knowledge and information to respond to the remaining allegations thereof.

10.      Defendants admit the allegations of Paragraph 10 of the Complaint.

11.      Defendants generally admit that Plaintiff created a number of photographs of products from time to time while located in West Virginia, but deny the remaining allegations of Paragraph 11.

12.      Defendants are without sufficient knowledge and information to respond to the allegations of Paragraph 12 of the Complaint, and demand strict proof thereof.

2

13.     Defendants are without sufficient knowledge and information to respond to the allegations of Paragraph 13 of the Complaint, and demand strict proof thereof.

14.     Defendants are without sufficient knowledge and information to respond to the allegations of Paragraph 14 of the Complaint, and demand strict proof thereof.

15.     Defendants admit the allegations of Paragraph 15 of the Complaint.

16.     Defendants deny the allegations of Paragraph 16 of the Complaint.  To the contrary, the Plaintiff failed to remove various images from the hard drives of a number of computers which were acquired by Defendants with the full consent and knowledge of the Plaintiff.

17.     Defendants admit the allegations of Paragraph 17 of the Complaint.

18.     Defendants admit the allegations of Paragraph 18 of the Complaint.

19.     Defendants admit the allegations of Paragraph 19 of the Complaint, but affirmatively state that the employment of Defendant Blanchard was terminated prior to March of 2009.

20.     Defendants admit that during their employment with Plaintiff they had access to various photographs and other information of the Plaintiff, but deny that said information was "proprietary" as Plaintiff alleges in Paragraph 20 of the Complaint.

21.     In response to the allegations of Paragraph 21 of the Complaint, Defendants admit that an employee handbook existed, and that the contents thereof speak for themselves.

22.     In response to the allegations of Paragraph 22 of the Complaint, the handbook and any agreement executed by Plaintiff and Defendant Blanchard speak for themselves.

23.     Defendants admit the allegations of Paragraph 23 of the Complaint.

3

24.     Defendants admit the allegations of Paragraph 24 of the Complaint.

25.     Defendants are without sufficient knowledge and information to respond to the allegations of Paragraph 25 of the Complaint, and demand strict proof thereof.  Further, Defendants had no knowledge of any application of Plaintiff for copyright registrations as of the date Plaintiff alleges the Defendants improperly utilized the same (which said allegations are denied).

26.     Defendants are without sufficient knowledge and information to respond to the allegations of Paragraph 26 of the Complaint, and demand strict proof thereof.  Further, Defendants had no knowledge of any application of Plaintiff for copyright registrations as of the date Plaintiff alleges the Defendants improperly utilized the same (which said allegations are denied).

27.     Defendants are without sufficient knowledge and information to respond to the allegations of Paragraph 27 of the Complaint, and demand strict proof thereof.  Further, Defendants had no knowledge of any application of Plaintiff for copyright registrations as of the date Plaintiff alleges the Defendants improperly utilized the same (which said allegations are denied).

28.     In response to the allegations of Paragraph 28 of the Complaint, Defendants admit that PCI Industries closed its facility in West Virginia, Plaintiff terminated Defendants employment, and that Atoms A.P., LLC is a company which provides similar products and services as those of the Plaintiff.

29.     Defendants deny that they "maintained" copies of copyrighted works after their employment with the Plaintiff ended.  Defendants further affirmatively state that to their knowledge that no action had been taken by the Plaintiff to register any images, etc. as a copyright, and that Plaintiff intentionally permitted Defendants to retain various

4

photographic images, etc. by transferring hard drives and/or computer disks to the Defendants or their employees or agents, obtained various photographs and images. If Plaintiff's failed to do so intentionally, then they did so negligently and carelessly, and should not now attempt to turn such carelessness and negligence into a cause of action against the Defendants.

30.    In response to the allegations of Paragraph 30, Defendants admit that certain photographs permitted by the Plaintiff to be retained by the Defendants were utilized on Defendants' website and in promotional marketing materials. However, Plaintiff had no copyright protection with regard to such images at the time that the same were so utilized by the Defendants. Defendants further affirmatively state that they took, and continued to take, appropriate remedial action to cease the use and dissemination of said photographic images as requested by the Plaintiff.

31.    See the response to the allegations of Paragraph 30 of the Complaint in the preceding paragraph, which are responsive to the allegations contained in Paragraph 31 of the Complaint.

32.    In response to the allegations of Paragraph 32 of the Complaint, please refer to the response of the allegations of Paragraph 30, which are responsive to the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants admit that they never affirmatively or explicitly sought approval of the Plaintiff for the reproduction of any images, etc., but were not aware that reproduction or use of the same were intended to be prohibited since Plaintiff intentionally or negligently permitted Defendants and/or their agents or employees to retain said images. Defendants further affirmatively state that at the time the images, etc. were retained and/or used by the Defendants that they were not subject to copyright protection.

34.     Defendants admit that they received communications from the Plaintiff as generally described in Paragraph 34 of the Complaint.

35.     In response to the allegations of Paragraph 35 of the Complaint, Defendants did agree, and actually did cease utilizing photographs and deleted photographs from their website.  With regards to other marketing materials, the use of any such photographs had already been prepared, and to the extent the same were already disseminated, could not be recovered by the Defendants.  Defendants further affirmatively state that they have taken reasonable steps to terminate the use and distribution of any marketing materials containing photographs which Plaintiff contends are proprietary.

36.     In response to the allegations of Paragraph 36 of the Complaint, Defendants incorporate their responses previously herein set forth.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

38.     Defendants deny that Plaintiff's alleged "unpublished works" are original works entitled to protection under United States copyright law.  The various images depicted in photographs reflected upon Exhibit A to Plaintiff's Complaint are to a great extent generic, in that similar products manufactured by various entities throughout the United States would look similar or virtually identical.  Said photographs thereby constitute products which are already in the public domain and not copyrightable works.

39.     Defendants are without sufficient knowledge and information to respond to the allegations of Paragraph 39 of the Complaint, and demand strict proof thereof.

40.     Defendants are without sufficient knowledge and information to respond to the allegations of Paragraph 40 of the Complaint, and demand strict proof thereof.

41.     Defendants admit that they received written notification from Plaintiff as reflected on Exhibit D to Plaintiff's Complaint, but deny that at the time of said written

notice there was any copyright infringement, and further affirmatively deny that any such infringement continues to the present day.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.  Defendants further affirmatively state that Plaintiff is barred from certain remedies for alleged infringement under the provisions of 17 U.S.C. §412.

43.     Defendants deny that any conduct as alleged by Plaintiff has caused any harm or irreparable injury to the Plaintiff as alleged in Paragraph 43 of the Complaint.

44.     In response to the allegations of Paragraph 44, Defendants incorporate responses previously herein set forth.

45.     Defendants generally deny the allegations of Paragraph 45 of the Complaint, and incorporate their prior responses and affirmative defenses as herein set forth.

46.     Defendants deny that Plaintiff's published works are "original" works that are thereby entitled to protection under United States copyright law as alleged in Paragraph 46 of the Complaint.

47.     Defendants are without sufficient knowledge and information in response to the allegations contained in Paragraph 47 of the Complaint and demand strict proof thereof.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     For answer to Paragraph 49 of the Complaint, please see response to Paragraph 41.

50.     Defendants deny the allegations of Paragraph 50 of the Complaint.

51.     Defendants deny that any conduct as alleged by Plaintiff has caused any harm or irreparable injury to the Plaintiff as alleged in Paragraph 51 of the Complaint.

7

52.     See Respondent's prior responses herein which Defendants incorporate by reference.

53.     In response to the allegations of Paragraph 53 of the Complaint, Defendants deny that the images and photographs described by the Plaintiff constitute such original works /or create images or information not generally known or accessible to or being available to other persons.  Numerous competitors in the same industry of the Plaintiff manufacture products which are similar to or virtually identical to those reflected in Plaintiff's alleged proprietary images.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint, and affirmatively state that Plaintiff intentionally, or if not intentionally did carelessly and recklessly, permit Defendants to receive and retain on various computers and/or computer disks, the very images which Plaintiff now contends should be protected.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     See prior responses which Defendants incorporate herein by reference.

60.     Defendants deny the allegations of Paragraph 60 of the Complaint.

61.     Defendants deny the allegations of Paragraph 61 of the Complaint.

62.     Defendants deny the allegations of Paragraph 62 of the Complaint.

63.     Defendants reserve the right to assert, and do not waive, any other affirmative defenses available to them which may, through discovery or other means, become available to them at any future date, and reserve the right to amend this Answer accordingly.

WHEREFORE, Defendants request that the Plaintiff's Complaint be dismissed, the Defendants be awarded their costs, and that the Court award such other relief as it deems appropriate.

s/C. Blaine Myers_____
C. Blaine Myers, WV Bar ID: #2700
*Counsel for Defendants*
Myers Law Offices
201 Third Street
Post Office Box 287
Parkersburg, WV 26102-0287
Telephone:  304.485.3600
cbmlaw@frontier.com

THE UNITED STATES DISTRICT COURT
for the

Southern District of West Virginia

PCI INDUSTRIES, INC., a corporation,

     Plaintiff,

                         )

v.                            )          Civil Action No. 6:10-cv-1257

                         )

ATOMS A.P. LLC, GARY SCOTT
JARVIS, DAN LOTT and KEN
BLANCHARD,

     Defendants.

**CERTIFICATE OF SERVICE**

The undersigned counsel for the Defendants hereby certifies that on the 9th day of December, 2010, he electronically filed the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

Robert J. Kent
Bowles Rice McDavid Graff & Love LLP
P. O. Box 49
Parkersburg, WV 26102
304.420-5504
rkent@bowlesrice.com

s/C. Blaine Myers_____
C. Blaine Myers, WV Bar ID: #2700
Myers Law Offices
201 Third Street
Post Office Box 287
Parkersburg, WV  26102-0287
Telephone:  304.485.3600

10